UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDELBASET ABDELMAGID
YOUSSEFF,

    Plaintiff,
v.                                                                                                       Case No.: 17-10610
                                                                                                        Honorable Victoria A. Roberts

BILL SCHUETTE, ET AL.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. #26]

**I.    INTRODUCTION and BACKGROUND**

On September 18, 2014, the Michigan Board of Medicine ("Board"), through its Disciplinary Committee, filed a complaint against Abdelmagid Youssef ("Youssef") for prescribing 25,475 controlled substances between August 1, 2012 and July 31, 2013. Youssef was presented with a settlement offer. He rejected it and attended a disciplinary hearing instead. At the hearing, the Administrative Law Judge ("ALJ") issued a Proposal – adopted by the Board – that Youssef's license be suspended. Youssef applied for reinstatement; the Board denied the request.

Youssef exhausted appeals in the state court system and has an appeal pending in the Michigan Supreme Court. Youssef filed suit in the Eastern District of Michigan against Bill Schuette, Dennis Szymanski, Robert Regan, Andrew Hudson, Jessica Taub, Peter Graham, Kim Gaedeke (collectively "Defendants"). He asks the Court for redress not afforded to him through state court litigation.

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6). Among other arguments, Defendants say Youssef's claims are barred by the *Rooker-Feldman*

1

doctrine, *Younger* abstention, absolute immunity and Eleventh Amendment immunity. The Court addresses each of these, but finds the *Rooker-Feldman* doctrine is dispositive on all claims.

The Court **GRANTS** Defendants' motion.

## II. LEGAL STANDARD

A complaint need not contain detailed factual allegations to survive a 12 (b)(6) motion. *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555 (2007) (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A. 1994)). Fed. R. Civ. P. 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as a "demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to give defendant fair notice of what is set forth in the plaintiff's claim and "the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). "Notice" pleading does not require detailed factual allegations, but does require more than a bare assertion of legal conclusions. *Id*. A complaint "does not suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 557).

## III. ANALYSIS

### A. Role of Defendants

It is helpful to outline the role these Defendants played in the underlying state proceedings:

1. Andrew Hudson ("Hudson"), Assistant Attorney General, served as Attorney for the Board and filed a complaint against Youssef. Youssef says Hudson abused

his authority as attorney for the Board because he did not respond to a motion Youssef filed;

2. Jessica Taub ("Taub"), Assistant Attorney General, served as Attorney for the Board. Youssef alleges Taub conspired with Hudson and the Administrative Law Judge ("ALJ");

3. Robert Regan ("Regan") works for the Michigan Department of Licensing and Regulatory Affairs. He conducted an investigation of Youssef's practice. Youssef accuses Regan of perjury and infringement. He does not say what Regan infringed;

4. Dennis Szymanski ("Szymanski") is a member of the Board. Youssef says Szymanski presented a final order for a vote without reviewing Youssef's exceptions to the ALJ's Proposal;

5. Bill Schuette ("Schuette") is Attorney General for the State of Michigan. He had no personal involvement in Youssef's state case. Youssef alleges that Schuette failed to comply with Youssef's request to remove Hudson from his licensing hearing. Youssef says Schuette's failure to remove Hudson was gross negligence and obstruction of justice;

6. Peter Graham ("Graham") is the Chairperson of the Michigan Board of Medicine;

7. Kim Gaedeke ("Gaedeke") was a Director for the Bureau of Professional Licensing;

8. Dr. John Hopper ("Hopper") is referred to as an expert witness by Youssef. Youssef says he committed perjury at the hearing;

9. Adam Sadowski ("Sadowski") is an Assistant Attorney General; and

**10.** Mark Donnelly ("Donnelly") is an Assistant Attorney General.

### B. The *Rooker-Feldman* Doctrine Bars Youssef's Claims

The *Rooker-Feldman* doctrine bars a claim when, "a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). When the source of the injury claimed is a state court decision, the *Rooker-Feldman* doctrine prevents the district court from asserting jurisdiction and the court must dismiss the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Youssef complains that the state court orders are unsound; he asks the Court to overrule them. This is the very type of appellate review which the *Rooker-Feldman* doctrine bars. All of his claims are precluded.

### C. Any Claims that May Arise on Appeal are Barred by *Younger* Abstention

Defendants argue any claims that may arise on appeal are barred by *Younger* abstention.

There are three requirements that must be met for *Younger* abstention to apply: "(1) there must be ongoing state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990). *Squire* noted that federal courts should abstain unless there is an extraordinary circumstance that would make abstention inappropriate. *Squire*, 469 F.2d at 555.

Here, the three factors are satisfied. First, there is an "ongoing state judicial proceedings;" Youssef appealed the suspension of his license to the Michigan Supreme Court; that appeal is pending and he sues on the same injury here.

Second, the state has an important interest to ensure that doctors appropriately prescribe controlled substances. The Court considers Youssef's inappropriate conduct as contrary to the public's best interest. The second element is satisfied.

Finally, Youssef had ample opportunity in state proceedings to raise constitutional challenges. He opted for a hearing, employed a lawyer to represent him, "retired" that lawyer, pled his case in front of the district and appeals court, and filed an appeal in the Michigan Supreme Court.

The *Younger* abstention requirements are met. To the extent there may be any disagreement that the *Rooker-Feldman* doctrine is dispositive on all issues, Youssef's claims are barred by *Younger* abstention.

### D. Absolute Immunity Bars Youssef's claims against Defendants

Absolute immunity "is necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). The court extends absolute immunity beyond judicial officials' to prosecutors and parties participating in the judicial process so that they enjoy the same protections. *Id.*

The roles of Taub, Hudson, Regan, Schuette and Hopper are described above. They were all part of the judicial process in state court and are entitled to absolute immunity.

The holding in *Butz* extends to members of medical boards and affords

Szymanski absolute immunity as well. In *Quatkemeyer,* a doctor was investigated for excessively prescribing controlled substances; his license was revoked. *Quatkemeyer v. Kentucky Bd. of Med. Licensure*, 506 F. App'x 342, 343 (6th Cir. 2012). The doctor brought suit against the Kentucky Board of Medical Licensure, challenging its determination that he should be denied access to controlled substances. The Kentucky Board moved to dismiss, and the district court granted the motion. On appeal, the Sixth Circuit affirmed and found that the board was entitled to absolute immunity.

The same result is required here. Because Syzmanksi is a member of the Board, he is afforded absolute immunity.

### E. All Defendants are Entitled to Eleventh Amendment Immunity

Defendants argue they are entitled to Eleventh Amendment Immunity. The Court agrees.

The Eleventh Amendment affords states immunity from suits commenced or prosecuted … by citizens of another state." U.S. Const., Amend. XI. The Supreme Court extends immunity to those sued in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 59 (1989). "A suit against state officials in their official capacities is not a suit against the officials but rather is a suit against the officials' offices and, thus, is no different from a suit against the state itself." *Id.*

Because claims are brought against all of the Defendants in their official capacities, all are entitled to Eleventh Amendment Immunity.

### F. Youssef's Claims Against Graham and Gaedeke Fail

Youssef lists Graham and Gaedeke, in their official capacity, in the caption of the complaint. He also lists Sadowski and Donnelly in the caption. He fails to make any allegations against these four individuals.

The Court dismissed them. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants was personally involved in or responsible for each alleged violation of rights).

## IV. CONCLUSION

Youssef's claims are dismissed in their entirety. The Court need not address qualified or *respondent superior* liability, also raised by Youssef.

The Court **GRANTS** Defendants' Motion to Dismiss.

Youssef has the following motions pending:

1. Motion for Preliminary Injunction [Doc. #25];

2. Motion to Amend Motion for Preliminary Injunction [Doc. #33];

3. Motion for Order to Start Discovery [Doc. #36]; and

4. Motion for Leave to File Supplemental Brief [Doc. #37].

By virtue of this Order dismissing his case, the motions are deemed **MOOT**.

**IT IS ORDERED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: August 10, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 10, 2017.

s/Linda Vertriest
Deputy Clerk